# CITATION FOR PETITION

**WOODS, GREGORY**

Versus

**GULF ISLAND WORKS LLC**



Civil Case: 0193927
Division: B
*32nd Judicial District Court*
*Parish of Terrebonne*
*State of Louisiana*

A RESIDENT OF TERREBONNE PARISH

TO:     GULF ISLAND WORKS LLC
THROUGH THEIR REGISTERED AGENT,
JAMIE MORVANT
FOR SERVICE OF PROCESS
567 THOMPSON ROAD
HOUMA, LA 70363

You are named as a defendant in the above captioned matter. Attached to this citation is a:

- [x] **Certified Copy of Original Petition**
- [ ] **Certified Copy of Amended Petition**
- [ ] **Discovery Request**

The petition was filed into this office on June 22, 2022.

**YOU ARE NOTIFIED** that you must either comply with the demand contained in the attached petition or make an appearance either by filing an answer or other pleading in the 32nd Judicial District Court located at 7856 Main St., Houma, LA 70360 (P. O. Box 1569, Houma, LA 70361) within the delay provided in Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with ten (10) days after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law. If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition within **thirty (30) days** after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within fifteen (15) days after the exception is overruled or referred to the merits, or fifteen (15) days after service of the Amended Petition.
C. The Court may grant additional time for answering.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk for the Court for the 32nd Judicial District Court, Parish of Terrebonne, on the 14th day of July, 2022.

THERESA A. ROBICHAUX
CLERK OF COURT

*Alyson Self-Thomassie*
Deputy Clerk of Court

Requested by: Ms. Joslyn R. Alex, Attorney at Law
227 Rees Street/P. O. Box 126, Breaux Bridge, LA 70517; (337) 332-1180

**Returned and Filed**

_____
**Deputy Clerk of Court**

[ SERVICE ]

**EXHIBIT 1**

| | |
|---|---|
| GREGORY WOODS | 32nd JUDICIAL DISTRICT COURT |
| VERSUS | DOCKET NO. 193927 |
| GULF ISLAND WORKS, LLC | TERREBONNE PARISH, LOUISIANA |

......................................................................

## PETITION FOR DAMAGES

NOW INTO COURT, though undersigned counsel, comes Plaintiff, **GREGORY WOODS** (herein "Petitioner") who respectfully represents:

1.

Petitioner, **GREGORY WOODS** is a resident and domiciliary of the State of Louisiana. The Petitioner was a resident of the State of Louisiana who was fired on June 22, 2021.

2.

Defendants herein are:

a) **GULF ISLAND WORKS, LLC,** a Louisiana limited liability company, whose principal place of business is located in Houma, Louisiana, and whose registered agent is Jamie Morvant, 567 Thompson Road, Houma, Louisiana 70363.
b) **XYZ unknow insurance company** of Gulf Island Works LLC who principal place of business is located in Houma, Louisiana and whose registered agent is Jamie Morvant 567 Thompson Road, Houma, Louisiana 70363.

3.

That the venue is proper in Terrebonne Parish pursuant to Louisiana Code of Civil Procedure Article 253.1.

4.

On about June 22, 2021, **GREGORY WOODS** was fired and was told it was from management without .

5.

That on or about June 23, 2021, **GREGORY WOODS** was sent a separation documentation that indicated that he was fired as a result of lack of proper safety protocol used on the job, causing unsafe situations that could have caused injury to and other damage to property.

6.

That all employees of **GULF ISLAND WORKS, LLC** were provided employee benefits and policy and procedures for its employees which set forth the protocol for hiring, firing, disp maintained control of the employee's labor and wages. That the policy and procedure set forth the procedure for discipline of employees conduct

-1-

FAX FILING 6/21/2022

**JASON A. DAGATE**
**JUDGE - DIVISION B**

7.

That at no time has **GREGORY WOODS** been written up or disciplined for any action committed by him, that caused injury to another or damage property in accordance with the policy and procedure manual set up by the Gulf Island Works.

8.

That at no time in over 30 years he has been employed with **GULF ISLAND WORKS, LLC** was **GREGORY WOODS** consulted or reprimanded for any action that he may have caused or had his pay docket as a result of any action that he committed.

9.

That the alleged issue was used as a pretext for firing for an incident that occurred seven days before the firing. The Plaintiff on the date of the incident completed all the documents required by the company whenever any incident occurs on a job, even when no damage was done to property nor any injury to any party.

10.

That the Plaintiff, **GREGORY WOODS** continued to work without incident, warning, or write up until the firing as a result of the incident.

11.

That even on the date of the firing he was not given any written documentation and he was only notified that he was fired for the incident.

12.

The alleged issue and the exact fact pattern happened with another white male employee where company property was destroyed after hitting a bridge and damaging a boat. The white male employee was not fired, written up, disciplined or required to replace the damage of the company property.

13.

That in that incident the company property was damaged beyond repair, police were called to the site of the incident and since the accident involved company property and a bridge

14.

That as the only African American Supervisor on the Gulf Island Works LLC, he was aware of a number of incidents where company property had been damaged and the employee was not terminated.

-2-

15.

That **GULF ISLAND WORKS, LLC** violated its own policy and procedure in skipping all the steps for discipline for an employee.

16.

That the Plaintiff who is over the age of sixty was one of a number of employees that were terminated due to their age.

17.

That the Plaintiff claims that he was wrongfully terminated and that his termination was in violation of the company policy of **GULF ISLAND WORKS, LLC**, which has a procedure for termination of employment.

18.

That the firing of the Plaintiff was in contravention of the policy and procedure and is in violation of the terms of policy of **GULF ISLAND WORKS, LLC**.

19.

That Plaintiff, **GREGORY WOODS** had been an employee of the company for over thirty years having received his thirty year plaque in September 2019.

20.

The Plaintiff also alleges race, age and pay differential issues which have been filed with EEOC but the right to sue letter for those issues and therefore those issues are not subject of the lawsuit.

21.

Plaintiff, **GREGORY WOODS** contends that at all times pertinent herein, that he wrongfully terminated.

22.

That the above-named Defendants are liable, in unto Petitioner, as a result of their exclusive acts wrongful termination to:

    A)    Breach of the company's policy of procedure;

    B)    Back pay and frontal pay;

    C)    Loss of love; and affection

    D)    Punitive Damages for the Defendant's malicious and recklessly indifferent conduct in wrongfully termination.

E) Loss of benefits and requiring the Plaintiff to take his pension when he had no intention of retiring.

F) Plaintiff expenses of litigation including reasonable attorney fees;

G) Compensatory damages for the humiliation, emotional distress and other damages caused by the Defendants conducts.

H) Other acts that can be proven at the trial of this matter.

23.

Petitioner reserves his right, with proper leave of this Honorable Court to amend his Petition at any time to allege other allegations, causes of action, theories of liability, and/or proper party Defendants, which may be revealed prior to trial through discovery or other lawful means.

**WHEREFORE**, Plaintiff, **GREGORY WOODS** respectfully prays that:

a. Defendants, **GULF ISLAND WORKS, LLC,** and their insurance company and their insurance company be cited and served with a certified copy of the foregoing petition and required to answer the same;

b. After due proceedings are held, there be judgment in favor of the Plaintiff, **GREGORY WOODS**, and against Defendants, severely, and in solido, together with legal interest from the date of judicial demand, until paid, and for all costs of these proceedings.

**PETITIONER FURTHER PRAYS** that the costs of awarding Plaintiff compensation in an amount more than sufficient to meet the requisite, jurisdictional amount of this Court together with legal interest from the date of judicial demand; expert witness fees; deposition cost, exhibit cost, and other related cost.

FILED
JUN 22, 2022
Deputy Clerk of Court
Parish of Terrebonne, LA

Respectfully submitted:

THE ALEX FIRM, APLC

JOSLYN R. ALEX (#18760)
227 Rees Street
P.O. Box 126
Breaux Bridge, Louisiana 70517
(337) 332-1180 Telephone
(337) 332-4515 Facsimile
*TheAlexFirm@yahoo.com* - Email
Attorney for Petitioner, **GREGORY WOODS**

**PLEASE SERVE DEFENDANTS:**

**GULF ISLAND WORKS LLC**
Through their registered agent,
Jamie Morvant
567 Thompson Road
Houma, Louisiana 70363

A TRUE COPY OF THE ORIGINAL
CLERK'S OFFICE, HOUMA
LA. JUL 14 2022 , 20____
BY _____
Deputy Clerk of Court

-4-

| | |
|---|---|
| **GREGORY WOODS** | **32nd JUDICIAL DISTRICT COURT** |
| **VERSUS** | **DOCKET NO.** 193927 |
| **GULF ISLAND WORKS, LLC** | **TERREBONNE PARISH, LOUISIANA** |

## ORDER OF THE COURT

CONSIDERING THE FOREGOING;

IT IS ORDERED BY THE COURT that PLAINTIFF be and hereby is allowed to file and prosecute this cause of action.

THUS DONE AND SIGNED in _____, Louisiana, on this _____ day of _____, 2022.

*Does not require an order from the court*

_____
**DISTRICT JUDGE**

**ORDER UNSIGNED**

**FILED**
JUN 22 2022
Deputy Clerk of Court
Parish of Terrebonne, LA

RECEIVED FROM JUDGE
JUN 28 2022
Deputy Clerk of Court

FAX FILING 6/21/2022

-5-

SCANNED
JUN 23 2022

| | |
|---|---|
| **GREGORY WOODS** | **32nd JUDICIAL DISTRICT COURT** |
| **VERSUS** | **DOCKET NO. 193927** |
| **GULF ISLAND WORKS, LLC** | **TERREBONNE PARISH, LOUISIANA** |

*******************************************************************

## REQUEST FOR NOTICE OF TRIAL DATE, ETC.

**TO THE CLERK OF COURT** of the 32 Judicial District Court in and for the Parish of Terrebonne.

**PLEASE TAKE NOTICE** that **JOSLYN R. ALEX**, attorney for Plaintiff, **GREGORY WOODS**, does hereby request written notice of the date of trial of the above matter, as well as notice of hearings (whether on merits or otherwise), orders, judgments and interlocutory decrees, and any and all formal steps taken by the parties herein, the Judge or any member of Court, as provided in Louisiana Code of Civil Procedure of 1960, particularly Articles 1572, 1913, and 1914.

Respectfully submitted:

**THE ALEX FIRM, APLC**

_____
**JOSLYN R. ALEX (#18760)**
227 Rees Street
P.O. Box 126
Breaux Bridge, Louisiana 70517
(337) 332-1180 Telephone
(337) 332-4515 Facsimile
*TheAlexFirm@yahoo.com* - Email
Attorney for Petitioner, **GREGORY WOODS**

FILED
JUN 22, 2022
Deputy Clerk of Court
Parish of Terrebonne, LA

FAX FILING 6/21/2022

-6-