UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| GREGORY WOODS, | * | |
| | * | CIVIL ACTION NO: 2:22-cv-02486 |
| PLAINTIFF, | * | |
| v. | * | SECTION: "L" (3) |
| | * | |
| GULF ISLAND WORKS, L.L.C. | * | JUDGE: ELDON E. FALLON |
| | * | |
| DEFENDANT. | * | MAGISTRATE JUDGE: DANA M. DOUGLAS |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER AND AFFIRMATIVE DEFENSES

NOW INTO COURT, through undersigned counsel, comes Defendant, Gulf Island Works, L.L.C. ("Defendant" or "Gulf Island"), and respectfully submits the following Answer and Defenses in response to Plaintiff's Petition for Damages.

NOW, further answering, Defendant responds as follows to the individually numbered paragraphs of Plaintiff's Complaint:

1. Defendant admits that Plaintiff was terminated, but denies the remaining allegations contained in Paragraph 1 of the Complaint for lack of sufficient information to justify a belief.

2. Defendant is not called upon to affirm or deny the allegations in Paragraph 2 of the Complaint. To the extent Defendant must answer, Defendant admits Gulf Island is a Louisiana limited liability company principally located in in Houma, Louisiana. Defendant further admits its registered agent is Jamie Morvant, 567 Thompson Road, Houma, LA 70363. Defendant denies the remaining allegations within Paragraph 2 of the Complaint.

3. Defendant is not called upon to affirm or deny the allegations contained in Paragraph 3 of the Complaint. To the extent Defendant must answer, Defendant denies that Terrebonne Parish is the appropriate venue for this action.

4. Defendant admits that Plaintiff was terminated, but denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits that its employees receive benefit and policy information, but denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint for lack of sufficient information to justify a belief.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is not called upon to admit or deny the allegations contained in Paragraph 23 of the Complaint, except to assert that Plaintiff is not entitled to any relief sought in the Complaint.

NOW, stating affirmatively, Gulf Island responds as follows:

## AFFIRMATIVE DEFENSES

The following defenses are not stated separately as to each claim for relief or allegation of Plaintiff. Nevertheless, the following defenses are applicable, where appropriate, to any and all of Plaintiff's claims for relief. In addition, Gulf Island, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon Gulf Island but, to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts relevant to many of the defenses and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, Gulf Island does not admit, in asserting any defense, any responsibility or liability of Gulf Island but, to the contrary, specifically denies any and all allegations of responsibility and liability in the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Some or all of Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to reasonably mitigate his alleged damages as required by law.

## THIRD AFFIRMATIVE DEFENSE

Gulf Island denies any and all liability to Plaintiff and further denies that Plaintiff has suffered any damages. In the alternative, if liability is established, Gulf Island is entitled to an offset against any award of back pay in an amount equal to all interim earnings by Plaintiff from other employment and/or sources and all other additional sums that constitute interim earnings or compensation Plaintiff could have earned had he made a reasonable effort to mitigate his damages as required by law. Gulf Island is also entitled to any other additional offsets permissible under all applicable laws.

## FOURTH AFFIRMATIVE DEFENSE

To the extent Gulf Island discovers, during the course of this action, that Plaintiff engaged in any conduct that would warrant discharge or other employment action under company policy, practice, or procedure, Plaintiff's alleged damages will be limited in accordance with the after-acquired evidence doctrine.

## FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff claims or establishes that he was subject to an adverse employment action or decision, Gulf Island asserts that any such action or decision was based solely on legitimate, non-discriminatory reasons, and Gulf Island acted in good faith toward Plaintiff at all times.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are subject to all applicable limitations and caps on the recovery of such damages.

### SEVENTH AFFIRMATIVE DEFENSE

To the extent any injuries alleged by Plaintiff are compensable under or covered by applicable workers' compensation law, the exclusive remedy for some or all of Plaintiff's allegations is workers' compensation.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred, in that Gulf Island has anti-discrimination and anti-retaliation policies, and makes reasonable efforts to enforce its anti-discrimination and anti-retaliation policies.

### NINTH AFFIRMATIVE DEFENSE

Any emotional distress suffered or claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

### TENTH AFFIRMATIVE DEFENSE

Notwithstanding Gulf Island's general denials and previous affirmative defenses, and without admitting Plaintiff's averments, to the extent Plaintiff establishes that any prohibited criterion was a motivating factor for any employment decision challenged herein, which is denied, then in the alternative Gulf Island affirmatively states that it would have taken the same action in the absence of such impermissible motivating factors.

### ELEVENTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's allegations may be barred by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff cannot make out a *prima facie* case of race or age discrimination under federal or state law and no facts exist to support such claims.

### THIRTEENTH AFFIRMATIVE DEFENSE

Gulf Island denies every allegation, whether express or implied, that is not unequivocally and specifically admitted in this Answer and Affirmative Defenses.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff asserts any claims that allegedly occurred more than 300 days before the date his charge of discrimination was filed with the EEOC, Gulf Island pleads the statute of limitations as an affirmative defense.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff bases any of his claims that were outside the scope of his charge of discrimination, those claims are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

Gulf Island reserves the right to amend this Answer and Affirmative Defenses to assert any additional defenses, including in particular the affirmative defenses set forth in Federal Rule of Civil Procedure 8(c), if and when, in the course of its investigation, discovery, or preparation for trial, they become known or available or it otherwise becomes appropriate to assert such defenses.

Respectfully submitted this 9th day of August, 2022.

Respectfully submitted,

*/s/ Sidney F. Lewis*
Sidney F. Lewis (LA #25668)
Jason Culotta (LA #35731)
Connor H. Fields (LA #39880)
**Jones Walker LLP**
201 St. Charles Avenue, 47th Floor
New Orleans, Louisiana 70170-5100
Phone: (504) 582-8352
           (504) 582-8177
           (504) 582-8606
Fax:    (504) 589-8352
           (504) 589-8177
           (504) 582-8606

Email: slewis@joneswalker.com
jculotta@joneswalker.com
cfields@joneswalker.com

***Counsel for Defendant, Gulf Island Works, L.L.C.***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court on this 9th day of August, 2022, to be served on all counsel of record by operation of the Court's electronic filing system.

*/s/ Sidney F. Lewis*
Sidney F. Lewis